UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANIEL P. HALEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 24-30138-MGM |
| COMMONWEALTH OF MASSACHUSETTS, | * | |
| Defendant. | * | |

<u>MEMORANDUM AND ORDER</u>

March 6, 2025

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

*Pro se* litigant Daniel Haley has filed a complaint against the Commonwealth of Massachusetts ("Commonwealth") and a motion for leave to proceed *in forma* pauperis. (Dkt. Nos 1, 2). For the reasons set forth below, the court will DENY without prejudice the motion for leave to proceed *in forma pauperis* and DISMISS this action without prejudice.

## II. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

In his motion for leave to proceed *in forma pauperis*, Haley identifies the sources, but not the amount of his income. Further, he does not report the amount he pays for rent, food, or utilities. Because Haley's financial disclosures are incomplete, the court cannot determine whether he is without sufficient income to pay the $405 filing fee. Accordingly, the court DENIES the motion without prejudice.

### III. REVIEW OF THE COMPLAINT

The court has an obligation to inquire *sua sponte* into its own jurisdiction, or, in other words, its authority to adjudicate a case. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Having done so, the court concludes that this action must be dismissed.[1]

Haley's statement of his claim consists of one sentence: "Has the State of Massachusetts ever had a business relationship with my former landlord after I sent, or before I sent a certified note to the Northwestern District Attorney's Office in September 2022 whereas the State has 'worked' against through various ways, means and channels ever since." Compl. at 4. In his prayer for relief, Haley seeks $159,000 in damages based on a $159,000 lien the Commonwealth allegedly put on his property. Haley also implies that the Commonwealth caused him to experience "DMV issues, false arrests [and] court issues," and he asks the Commonwealth to "vacate [his] record going back to at least September 2002 and after [he] sent [a] certified note to Northwestern District Attorney['s] office. *Id.* at 5.

The court lacks jurisdiction to adjudicate Haley's claim against the Commonwealth. Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. *See Virginia Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).[2] ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."); *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial

---

[1] In conducting this review, the court liberally construes Haley's complaint because he is proceeding *pro se. See Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." *Va. Off. For Prot.*, 563. U.S. at 253.

court on the ground of Eleventh Amendment immunity). "[T]he Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power . . . ." *Calderon v. Ashmus*, 523 U.S. 740, 745 (1998).

Here, Haley has not stated any claim for which the Congress has abrogated, or the Commonwealth has waived, its immunity. Thus, the court lacks jurisdiction over this action.

### III. CONCLUSION

For the foregoing reasons, the court hereby orders:

1.     The motion for leave to proceed *in forma pauperis* is DENIED without prejudice.

2.     This action is DISMISSED without prejudice.

It is So Ordered.

Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge
